# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NATHANIEL JENKINS, #155668

    Plaintiff,

v.                                                              Case No. 3:21-cv-10589
                                                               Hon. Robert H. Cleland

HEIDI WASHINGTON, et al.,

    Defendants.

_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Nathaniel Jenkins is a Michigan prisoner incarcerated at the Oaks Correctional Facility in Manistee, Michigan. His *pro se* civil rights complaint names as Defendants MDOC Director Heidi Washington, MDOC Hearings Administrator Richard D. Russell, Chippewa Correctional Facility Warden Connie Horton, Hearing Officer O'Brien (first name unknown), Corrections Officer Hansen (FNU), Sgt. W. Henderson, John Miller, and Grievance Coordinator McClean (FNU). Plaintiff alleges that while he was incarcerated at Chippewa Correctional Facility in Kincheloe, Michigan, Defendants discriminated against him on the basis of race in issuing misconduct tickets and responding to his grievances.

The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. Relevant here, the statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(b)). If venue is improper in the district where a case is filed, but would be proper in another district, "a

district court has the power to sua sponte transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

The events giving rise to the complaint are alleged to have occurred at Chippewa Correctional Facility in Chippewa County, Michigan. Defendants are located either in that county or in the city of Lansing, in Ingham County, Michigan. Both Ingham and Chippewa counties are located in the Western District of Michigan. 28 U.S.C. § 102(b). Because there is no apparent basis for venue to lie in this district, but the facts of the complaint suggest that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance. 28 U.S.C. § 1406(a).

Accordingly, **IT IS ORDERED** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1406(a).

It is noted that this Court has not reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. §1997e(c).

**SO ORDERED.**

/s/ David R. Grand
David R. Grand
United States Magistrate Judge

Dated: 6/22/2021